IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN NAKAYAMA aka JASON TANAKA, #A0221870, | ) ) ) | Civ. No. 07-00403 SOM-BMK |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915 |
| JOHN MANUMALEUNA, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT**
**PURSUANT TO 28 U.S.C. § 1915**

Before the court is *pro se* Plaintiff Kevin Nakayama's prisoner civil rights Complaint.[1] Plaintiff is currently incarcerated at the Halawa Correctional Facility.[2] Plaintiff complains that, while he was detained in special holding, his personal property was lost by prison personnel. Plaintiff names the prison's Chief of Security John Manumaleuna in his official capacity only.[3] Plaintiff has neither paid for commencing this suit, nor submitted an in forma pauperis application, although he

---

[1] Plaintiff calls himself "Kevin Nakayama aka A0221870 Jason Tanaka." After documents addressed to "Kevin Nakayama" were returned to the court, the Hawaii Department of Public Safety informed the court that Plaintiff's real name is Jason Tanaka. To avoid confusion, the court addresses him as Plaintiff only, and will address all correspondence to "Jason Tanaka."

[2] Plaintiff's Complaint gives an address at the Oahu Community Correctional Center ("OCCC"). Plaintiff, however, submitted a letter with his Complaint, stating that he is now incarcerated at Halawa Correctional Facility. (Doc. No. 3.)

[3] It is unclear whether Manumaleuna is Chief of Security at OCCC or at Halawa Correctional Facility.

has been given numerous blank in forma pauperis application forms.

For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(1)(B)(I) & 1915A(b), for failure to state a claim. This dismissal is with leave to amend.

## I. Background

The Complaint is not a model of clarity, and Plaintiff's handwriting is extremely difficult to decipher. Plaintiff complains that his personal property disappeared when he was placed in the prison's special holding unit for twenty-five days of disciplinary segregation. Plaintiff states that prison personnel have attempted to locate his property to no avail. Although Plaintiff does not allege any facts tying Manumaleuna to the disappearance of his property, it appears he believes Manumaleuna is responsible because he is Security Chief.

Plaintiff filed a Step 1 grievance. He says that after he was unsuccessful in the Step 1 grievance, he was told to seek relief through the civil courts. Plaintiff seeks compensatory damages only.

## II. Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.*; 28 U.S.C. § 1915A(b)(1), (2).

"'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Terracom v. Valley National Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "Unless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

### III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting

under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff does not state a claim on which relief can be granted.

The gravamen of Plaintiff's Complaint is that his personal property[4] has disappeared, that it was stolen (although he is unsure who stole it), and that Manumaleuna is responsible because he is in charge of security at OCCC.

A.  *Manumaleuna Is Immune From Suit for Damages in his Official Capacity*.

The court lacks jurisdiction over Plaintiff's claims for damages against Manumaleuna in his official capacity.  Such claims are barred by the Eleventh Amendment, which "prohibits federal courts from hearing suits brought against an unconsenting state."  *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Idaho v. Couer d'Alene Tribe*, 521 U.S. 261, 267-68 (1997).  Manumaleuna is therefore immune from suit for damages in his official capacity.  *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

The Eleventh Amendment does not bar all claims against prison officials in their official capacities, and it does not bar claims against state officials sued in their individual

---

[4]  Plaintiff attaches a list of his lost property: a walkman with headphones; a bar of soap; two batteries; a bottle of shampoo; three white folders with miscellaneous papers; a soap dish; and a yellow scrub cloth.  (Comp., Ex. "Inmate Property Receipt.")

capacities.  While state officials acting in their official capacities may not be sued in federal court for damages or violations of state law, they may be sued in federal court for prospective injunctive relief sought in connection with alleged violations of federal law.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839.  Plaintiff, however, does not seek prospective injunctive relief, and he does not name Manumaleuna in his individual capacity.  Claims for damages against Manumaleuna in his official capacities are DISMISSED.

B.      *Plaintiff has an Adequate State Remedy.*

        A civil rights complaint cannot be brought to vindicate a prisoner's right to property when the deprivation occurs as a result of a tortious and unauthorized act of a state employee, whether that act is negligent or intentional, and where an adequate state remedy exists to compensate those who have suffered the tortious loss of property at the hands of the state. *Hudson v. Palmer*, 468 U.S. 517, 532-533 (1984) (finding no claim for intentional destruction of inmate's property); *Parratt v. Taylor*, 451 U.S. 527, 543-544 (1981).

        Consequently, regardless of whether the alleged deprivation of Plaintiff's property was the result of intentional or negligent conduct, he may not obtain relief via a federal civil rights complaint if he has adequate state remedies.  Hawaii

law provides that public employees are liable for torts in the same manner and to the same extent as a private individual under like circumstances.  Haw. Rev. Stat. § 662-2.  Because the state expressly waives its immunity for its employees' torts, § 662-2 provides an adequate post-deprivation remedy for Plaintiff's alleged loss of property.

C.   *Plaintiff Fails to Show Manumaleuna's Personal Involvement with his Claims*.

There is no respondeat superior liability under 42 U.S.C. § 1983.  *Polk v. County of Dodson*, 454 U.S. 312, 325 (1981); *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002).  To state a civil rights claim against an individual defendant, a plaintiff must allege facts showing a defendant's "personal involvement" in the alleged constitutional deprivation or a "causal connection" between a defendant's wrongful conduct and the alleged constitutional deprivation. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

A supervisor may be held liable in his individual capacity "for his own culpable action or inaction in the training, supervision or control of [his or her] subordinates." *Watkins v. City of Oakland, Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991)).  "A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor

6

participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc). However, an individual's "general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987).

Plaintiff alleges no facts tying Manumaleuna to the disappearance of his property. It appears that Manumaleuna's only involvement is that, after Plaintiff's Step 1 grievance was denied, Manumaleuna told Plaintiff to file a tort claim. (Comp. 2.) This is insufficient to tie Manumaleuna to Plaintiff's alleged deprivation of property.

### IV. CONCLUSION

Manumaleuna is absolutely immune from suit for damages in his official capacity. Plaintiff has also failed to allege sufficient facts tying Manumaleuna to his claims. Manumaleuna is therefore DISMISSED from this action. Moreover, Plaintiff also fails to state a constitutional claim as to the loss of his

personal property.  The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(1)(B)(I) & 1915A(b).

As it is not entirely certain that Plaintiff cannot cure the deficiencies listed above by amending his Complaint, he is given up to and including August 29, 2007, to file an Amended Complaint in accordance with this Order.  Plaintiff is notified, however, that any amended pleading must relate back to the claims in his original Complaint.  He may not add new claims or new defendants that were not involved in the conduct, transaction, or occurrence set forth in his original Complaint.  *See Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1169-80 (9th Cir. 1975) (holding that district court did not abuse its discretion by dismissing third amended complaint with prejudice, where leave to amend was limited to certain expressly stated claims and third amended complaint did not meet such requirements); *see also* Fed. R. Civ. P. 15(c).

Failure to file an Amended Complaint by August 29, 2007, that cures the problems noted in this Order, shall result in the automatic dismissal of this action pursuant to 28 U.S.C.

§ 1915A.  Such dismissal shall count as a "strike" pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; July 30, 2007.



_____
Susan Oki Mollway
United States District Judge

NAKAYAMA v. MANUMALEUNA, Civ. No. 07-00403 SOM-BMK; ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915; dmp\Screening 07\Nakayama 07-403 (FTSC)